IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DARRYL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 CV 1085 |
| vs. | ) | |
| | ) | Judge Michael M. Mihm |
| THOMAS DART, et al. | ) | Magistrate Judge Byron G. Cudmore |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME DEFENDANTS, CORRECTIONAL OFFICER CRAIG WILSON and SGT. SCOTT HARMON, by and through their attorneys MICHAEL D. BERSANI and ANTHONY G. BECKNEK, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(D), move for summary judgment in their favor.

## INTRODUCTION

Plaintiff Darryl Smith, a former inmate at the Livingston County Jail in Pontiac, Illinois, filed a Complaint pursuant to 42 U.S.C. §1983 against Defendants Correctional Officer Craig Wilson, Sgt. Scott Harmon and Medical Technician John Doe. Plaintiff alleges that Wilson used excessive force against him by closing a door on his hand, and that Defendants Harmon and John Doe failed to provide adequate medical care for Plaintiff's injuries after the incident. Defendants hereby move for summary judgment because Plaintiff failed to exhaust the administrative remedies available to him at the Livingston County Jail before filing this lawsuit as required under the Prison Litigation Reform Act.[1]

---

[1] If this motion is denied, Defendants reserve their right to file a motion for summary judgment on the merits of Plaintiff's claims.

1

## UNDISPUTED MATERIAL FACTS

1. On June 6, 2013, Plaintiff Darryl Smith was booked into the Livingston County Jail (Superintendent Cox. Aff. ¶ 7, attached hereto as Exhibit A).

2. On June 7, 2013, Plaintiff submitted a grievance against Correctional Officer Craig Wilson alleging that on June 6, 2013, Officer Wilson slammed a cell door on his hand (Ex. A, Cox Aff. ¶ 9; Darryl Smith Grievance dated 06/07/2013, attached hereto as Exhibit B).

3. On June 8, 2013, Plaintiff submitted a medical sick call request form stating that his finger was bleeding, that he was in pain, and that the prescription medication previously provided to him to alleviate his pain was no longer helping (Darryl Smith Sick Call Request dated 06/08/2013, attached hereto as Exhibit C).

4. William Cox is the Superintendent of the Livingston County Jail (Ex. A, Cox Aff. ¶ 1).

5. As the Superintendent of the Livingston County Jail, Cox is responsible for the day-to-day operations of the Jail, which includes handling inmate grievances and maintaining detainee records (Ex. A, Cox Aff. ¶ 2).

6. Upon being booked into the Livingston County Jail, Smith was given a copy of the Livingston County Jail Detainee Handbook (Ex. A, Cox Aff. ¶ 8; Livingston County Jail Booking Record dated 6/6/13, attached hereto as Exhibit D).

7. Pursuant to the Livingston County Jail Detainee Handbook, detainees must submit grievances on written forms provided by the Pod Control Officer within five days of the incident prompting the grievance (Ex. A, Cox Aff. ¶ 3; Detainee Handbook, p. 7, attached hereto as Exhibit E).

8. Upon receipt of a grievance, the Jail Superintendent will designate staff members to review and investigate the grievance and report his or her findings in writing to the Jail Superintendent and to the Detainee (Ex. A, Cox Aff. ¶ 4; Ex. E, Detainee Handbook, p. 7).

9. When a detainee is dissatisfied with the resolution of his grievance, he may, within five working days of receipt of the grievance response, appeal in writing to the Jail Superintendent. The Jail Superintendent shall notify the detainee in writing within twenty working days (when possible) of the decision of the appeal. If the detainee is still not satisfied, he may appeal to the Office of the Jail and Detention Standards Unit for the Illinois Department of Corrections (Ex. A, Cox Aff. ¶ 5; Ex. E, Detainee Handbook, p. 8).

10. Superintendent Cox designated Sgt. Harmon as the Grievance Officer to review Plaintiff's June 7, 2013 grievance (Ex. A, Cox Aff. ¶ 10).

11. Sgt. Harmon responded to Plaintiff's grievance on July 6, 2013, and Plaintiff received the response on July 7, 2013 (Ex. A, Cox Aff. ¶¶ 11-12; Sgt. Harmon Response, dated July 6, 2013, attached hereto as Exhibit F).

12. Plaintiff did not appeal Sgt. Harmon's response to the June 7, 2013 grievance (Ex. A, Cox Aff. ¶ 13).

13. Plaintiff never submitted an Inmate Grievance Form to the administration regarding his claims that Sgt. Scott Harmon or Medical Technician John Doe were deliberately indifferent to his serious medical condition or failed to provide Plaintiff medical treatment (Ex. A, Cox Aff. ¶ 14).

14. Sick Call Slips and Medical Request Forms are not grievances (Ex. A, Cox Aff. ¶ 6).

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file and/or affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  The mere existence of factual disputes will not preclude the granting of a motion for summary judgment where the dispute does not involve a material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986).  Material facts are identified by the substantive law involved, and to constitute a "genuine issue," the evidence must be such that a reasonable jury could return a verdict for the nonmoving party.  *Id.*  When the evidence is not significantly probative or is merely colorable, summary judgment is proper.  *Id.* at 249-50.

**ARGUMENT**

**PLAINTIFF FAILED TO COMPLY WITH LIVINGSTON COUNTY JAIL'S GRIEVANCE PROCEDURE BEFORE FILING SUIT, AND THEREFORE, HIS SUIT IS BANNED UNDER THE PLRA**

Summary judgment should be granted for Defendants because Plaintiff failed to exhaust the administrative remedies available to him at the Livingston County Jail.  The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (West 2010).  This exhaustion requirement applies to all inmate suits about prison life, including those that allege excessive force or deliberate indifference.  *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002); *Smith v. Zachary*, 255 F.3d 446, 449-50 (7th Cir. 2001).

The purpose of this requirement is "to provide correctional officials time and an opportunity to address complaints internally before allowing the initiation of a federal lawsuit." *Annoreno v. Sheriff of Kankakee County*, 823 F. Supp. 2d 860, 863 (C.D. Ill. 2011) (*citing Woodford v. Ngo,* 548 U.S. 81, 93 (2006)). Exhaustion is mandatory, "even if the requested relief, such as monetary damages, is beyond the power of the administrative review board or if the prisoner believes that exhaustion will be futile." *Id.* (*citing Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006)). The PLRA seeks to afford correctional officials time and opportunity to address complaints internally before allowing the initiation of a lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378 (2006). Thus, two main objectives are satisfied: (1) the jail is allowed to correct its own mistakes before being haled into court, and (2) the claim may be resolved much more quickly and economically. *Id.* at 89.

Section 1997e does not define exactly what qualifies as a prison condition. *Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004). To answer that question, the Seventh Circuit has looked to another section of the PLRA, § 3626(g)(2), for guidance. Section 3262(g)(2) defines "a civil action with respect to prison conditions" as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." *Witzke*, 376 F.3d at 750-51. "Conditions of confinement" relate to the "environment in which prisoners live, the physical conditions of that environment, and the nature of the services provided therein." *Booth v. Churner,* 206 F.3d 289, 294 (3d Cir. 2000), *aff'd* 532 U.S. 731. In *Porter v. Nussle,* 534 U.S. 516, 532 (2002), the United States Supreme Court made clear that "the PLRA's exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

To exhaust administrative remedies, an inmate must file complaints and appeals in the place and at the time required under the prison's administrative rules. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Such exhaustion is mandatory. *See Woodford*, 548 U.S. at 85. The inmate is required to give the prison administration an opportunity to fix the problem or to reduce the dangers complained of. *See Pozo*, 286 F.3d at 1024. Even when the inmate is seeking only money damages, he must first exhaust all administrative remedies prior to filing suit. *See Terry v. Walker*, No. 07-1337, 2009 WL 1329144, *2 (C.D. Ill. May 12, 2009) (*citing Booth,* 205 F.3d at 294.

This Court has, on prior occasions, examined the Livingston County Jail's grievance procedures for the purpose of addressing whether specific plaintiff inmates have properly exhausted their administrative remedies. *See Luster v. Meredith et al.,* No. 1:11-cv-010018-JES-JAG (C.D. Ill. Apr. 23, 2012). In *Luster*, an identical fact pattern was presented where plaintiff inmate Luster failed to appeal his grievance to the Jail Superintendent Cox. *Id*. at *2. This Court held that based upon Plaintiff having failed to appeal his grievance to the Jail Superintendent, "the Plaintiff has not demonstrated that he exhausted his administrative remedies. The Plaintiff must follow each of the steps in the process to exhaust all available administrative remedies. The fact that the procedures indicate that a detainee may appeal, does not mean that the Plaintiff may skip a step. It is the Plaintiff's responsibility to exhaust each available remedy." *Id*. at *5. This Court concluded that: "[t]he Plaintiff had not demonstrated that he properly filed a

6

grievance and then appealed the written response to the Jail Administrator.  Therefore, the court must grant the Defendants motion for summary judgment." *Id.*

Against that backdrop, Defendants are entitled to summary judgment in their favor. Livingston County's grievance procedure requires inmates to submit an Inmate Grievance Form to correctional staff complaining of any problems with jail conditions, including inadequate medical care or attention and allegations of cruel and unusual punishment, within five days of the incident (Defs.' SOF, ¶ 7).  These Grievance Forms are then forwarded directly to the administration to be reviewed (Defs.' SOF, ¶ 8).  Superintendent Cox will designate one staff member as the Grievance Officer to review the detainee's grievance (Defs.' SOF, ¶ 8).  The Grievance Officer will investigate and review the grievance and report their findings to Superintendent Cox and the detainee filing the grievance (Defs.' SOF, ¶ 8).  If and when a detainee is dissatisfied with the resolution and response of his or her grievance, the detainee may, within five working days of receipt of the grievance response, appeal in writing to Jail Superintendent Cox (Defs.' SOF, ¶ 9).  Superintendent Cox shall notify the detainee in writing within twenty working days of his decision regarding the grievance response appeal (Defs.' SOF, ¶ 9).  If the detainee is still not satisfied with the grievance response, he may appeal to the Office of the Department of Corrections Jail and Detention Standards Unit (Defs.' SOF, ¶ 9).  Sick Call Slips and Medical Requests are not grievances (Defs.' SOF, ¶ 14).

It is undisputed that Plaintiff did not submit an Inmate Grievance Form to the administration regarding his allegations that he was denied medical care or attention from Sgt. Harmon or Medical Technician John Doe (Defs.' SOF, ¶ 13).  While Plaintiff submitted a medical request form asking to see a doctor and to be given stronger pain medication, this slip is

not a grievance, and therefore, does not satisfy the grievance procedure at the Livingston County Jail (Defs.' SOF, ¶¶ 3, 14). Because Plaintiff did not file the required Inmate Grievance Form, he failed to give the administration an opportunity to address internally his complaint regarding the alleged denial of medical care or attention.

Likewise, Plaintiff also failed to appeal the response to his grievance concerning his allegations of excessive force against Officer Wilson (Defs.' SOF, ¶ 12). Upon receiving Plaintiff's grievance dated June 7, 2013, Superintendent Cox designated Sgt. Scott Harmon to respond to the grievance (Defs.' SOF, ¶¶ 2, 10). Under the grievance procedure outlined in the Detainee Handbook, Plaintiff had five days to appeal in writing, which Plaintiff failed to do (Defs.' SOF, ¶ 12). Having failed to comply with the grievance procedure available at the Livingston County Jail prior to filing suit, Plaintiff's claims are barred. *See Dole* v. *Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (the Seventh Circuit takes a strict compliance approach to exhaustion). Accordingly, Defendants' motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment should be granted.

Respectfully submitted,

**s/Anthony G. Becknek**
ANTHONY G. BECKNEK, Atty Bar No. 06305451
MICHAEL D. BERSANI, Atty. Bar No. 06200897
*Attorneys for the Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
abecknek@hcbattorneys.com
mbersani@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DARRYL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 CV 1085 |
| vs. | ) | |
| | ) | Judge Michael M. Mihm |
| THOMAS DART, et al. | ) | Magistrate Judge Byron G. Cudmore |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 3, 2014, I electronically filed the foregoing ***Defendants' Motion For Summary Judgment*** with the Clerk of the U.S. District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, and I hereby certify I have mailed by United States Postal Service, certified mail, return receipt requested, the document to the following non-CM/ECF system participant listed below.

    **TO:**  Darryl Smith #2011-1013080, Cook County Jail, P.O. Box 089002, Chicago, IL 60608
           *Pro se Plaintiff*

by depositing a copy of same in the U.S. Mail at 333 Pierce Road, Itasca, Illinois on September 3, 2014 before 5:00 p.m., with the proper postage prepaid.

           Respectfully submitted,

           **s/Anthony G. Becknek**
           ANTHONY G. BECKNEK, Atty Bar No. 06305451
           MICHAEL D. BERSANI, Atty. Bar No. 06200897
           *Attorneys for the Defendants*
           HERVAS, CONDON & BERSANI, P.C.
           333 W. Pierce Road, Suite 195
           Itasca, IL 60143-3156
           Phone:  630-773-4774
           Fax:  630-773-4851
           abecknek@hcbattorneys.com
           mbersani@hcbattorneys.com